EL PUEBLO *v.* FOURQUET.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 360.—Resuelto en noviembre 20, 1911.

DERECHO PENAL—DESACATO POR PERJURIO—PROPÓSITO DE LA LEY.—El objeto de la ley número 41 de marzo 9, 1911, es extirpar el delito de perjurio cometido en presencia del tribunal y de una manera sumaria tratar esos casos siempre que la falsedad del testimonio sea manifiesta al juez de la corte.

ID.—PERJURIO CASTIGABLE COMO DESACATO Y COMO DELITO.—El que pueda castigarse como desacato el perjurio cometido en corte abierta no impide que sea también punible como delito iniciándose un proceso por el procedimiento criminal.

ID.—DEBIDO PROCEDIMIENTO DE LEY—CONSTITUCIÓN—FACULTADES INHERENTES
   DE LOS TRIBUNALES.—Es una facultad inherente a todo tribunal el poder im-
   poner castigo a todo el que en su presencia comete desacato sin necesidad de
   notificar y expedir previamente mandamiento contra el acusado, y esta manera
   sumaria de castigar los desacatos no infringe el precepto constitucional del
   debido procedimiento de ley.

ID.—LEY CONSTITUCIONAL—PERJURIO CASTIGADO COMO DESACATO.—Los preceptos
   de la ley número 41 de marzo 9, 1911, autorizando el castigo sumario de per-
   jurio como desacato, establece un procedimiento que es completamente consti-
   tucional y no priva al acusado de ninguno de los derechos que le garantiza
   la constitución.

ID.—DEBIDO PROCEDIMIENTO DE LEY—SU SIGNIFICACIÓN.—El precepto constitucio-
   nal encerrado en las palabras ''debido procedimiento de ley,'' aplicado a pro-
   cedimientos judiciales, significa que el tribunal juzgador sea competente para
   conocer del asunto, que la notificación al demandado sea expresa o tácita y se le
   conceda audiencia para presentar su prueba y ser oído personalmente o por
   medio de abogado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Felipe Casaldúc.*

Abogados del apelado: *Sres. Attorney General, Foster V. Brown, y Jesús M. Rossy, Fiscal.*

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

El apelante en este caso, fué declarado culpable de per-
jurio, y de conformidad con la reciente ley de la Asamblea
Legislativa, aprobada en 9 de marzo pasado, se le consideró
culpable de desacato a la corte, condenándosele a tres meses
de prisión en la cárcel de distrito. La ley de la Asamblea Le-
gislativa parece haber sido votada a consecuencia de la inusi-
tada frecuencia de declaraciones falsas en nuestros tribunales;
y esta manera sumaria de castigar fué ideada con el fin de res-
tringir, y, a ser posible, extirpar este mal que va extendién-
dose. Leyes de la Asamblea Legislativa de 1911, Ley 41, pá-
gina 128 y 129. La primera sección de dicha ley dispone:

''Sección 1. Si durante la vista de cualquier caso ante una corte
municipal o de distrito en Puerto Rico, compareciere un testigo y pres-
tare juramento o afirmación de decir verdad ante dicha corte, en cua-
lesquiera caso en que se prestare dicho juramento o afirmación, y des-
pués de prestado, intencionalmente y contrario al mismo, declarare
como cierta cualquier cosa substancial que el testigo sabe que es falsa o
que no es verdad, será culpable de perjurio; y si dicho juramento o

afirmación se prestare en corte abierta y se violare en la forma expresada en la presente, entonces dicho testigo será culpable de desacato a la corte, y castigado según se dispone más adelante en esta ley.''

También se ha decretado que este castigo por desacato es acumulativo y no impide el que se procese y castigue al delincuente por perjurio de conformidad con otros estatutos de la isla, siendo sólo ''el propósito de esta ley tratar de manera sumaria, los casos de perjurio que se cometieren en corte abierta, siempre que la falsedad del testimonio sea manifiesta para el juez de la corte.'' (Véase también el artículo 45 del Código Penal.)

Este es el primer caso que viene ante este tribunal y que cae bajo la mencionada ley, y es de sentir que los autos no contengan relación de hechos, pliego de excepciones, ni alegato del abogado.

Se indicó que, quizás, esta ley de la Asamblea Legislativa, al proveer un método sumario de procedimiento en casos como el presente, resultaría contraria a la Constitución Americana, que prohibe privar a una persona de su libertad sin el debido procedimiento de ley. (Enmienda XIV.) Se ordenó, por lo tanto, una nueva argumentación, y compareció el Attorney General, asistido por el Fiscal, y ambos informaron oralmente, y presentaron alegatos por escrito, sometiendo nuevamente el caso a la consideración del tribunal, en 30 del mes próximo pasado.

Debe tenerse presente que el castigo impuesto en el presente caso, lo fué por el desacato, y no por el delito de perjurio mediante el cual se cometió dicho desacato.

Esta facultad de castigar por desacato cometido en presencia del tribunal, es un poder que es inherente a todo tribunal; y la Asamblea Legislativa de Puerto Rico hubiera podido legislar sobre el particular, y mediante una ley declaratoria conferir a los tribunales de la Isla, el derecho indubitado de castigar por los desacatos que se cometieren en su presencia, sin dictar orden alguna a la parte ofensora o sin notificarla. La corte está facultada para actuar inmediatamente

en el particular; jamás se ha hecho objeción alguna en el pasado a este procedimiento, ni pueden presentarse ahora objeciones válidas.   Es ésta una facultad que se ejerce por todo tribunal; esos estatutos se encuentran en los Estados, y es la práctica universal que se sigue tanto en las cortes federales como en los tribunales de los Estados, cuando se comete un delito que contituye un desacato a la corte, en presencia de ella, imponer inmediatamente el castigo; y se ha declarado que esto no es una infracción de la cláusula del "debido procedimiento" de la Constitución de los Estados Unidos, ni de ningún Estado.

Pero estos autos no presentan el caso de un castigo sumario impuesto por una corte en virtud de sus facultades inherentes. Se ha cumplido estrictamente con la ley, y si no ha de sostenerse la sentencia, entonces debe ser a causa de defectos contenidos en la misma ley.

La Asamblea Legislativa de Puerto Rico prescribe el procedimiento que debe seguirse en casos de perjurios que se cometieren durante el acto del juicio, y en presencia del tribunal, y dispone que si el juez que preside en un caso quedare convencido de que un testigo en el caso pendiente entonces ante su corte, después de haber prestado juramento según se dispone por la ley, es culpable de perjurio, será entonces el deber de dicho juez, ordenar, y se le faculta para que ordene a moción propia, el arresto y detención del ofensor, y se le impone el deber de dictar una orden que se notificará a dicho ofensor, citándolo para que comparezca y explique las razones que tuviere por las cuales no deba ser castigado por desacato a la corte.   En dicha orden, la corte debe fijar la fecha en que el acusado ha de presentar su defensa contra la citación, la corte oirá entonces las declaraciones de ambas partes; y de acuerdo con dichas declaraciones, pronunciará sentencia en el caso.

¿Le quita esta ley al ofensor algún derecho que le haya sido garantizado por la Constitución o en otra forma?   Veamos qué es lo que se entiende por "debido procedimiento de

ley,'' según este término se usa en la gran carta constitucional
de nuestros derechos y libertades.

La palabra ley que aparece en la frase ''debido procedi-
miento de ley,'' es sinónima con la frase ''ley del país.'' Se
ha dicho muy bien, que la Constitución no contiene descripción
alguna de estos procedimientos, que fué la intención conceder
o prohibir; y ni siquiera ha declarado cuales son los prin-
cipios que deben aplicarse para determinar si algún procedi-
miento es el ''debido procedimiento.'' (*Meyers* v. *Shields*,
61 Fed. Rep., 717.) . El ''debido procedimiento de ley'' no sig-
nifica el cuerpo general de la ley tal como constaba en el esta-
tuto en la época en que empezó a regir la Constitución; signi-
fica ciertos derechos fundamentales que siempre han sido
reconocidos por nuestro sistema de jurisprudencia. Así lo
definen eminentes autoridades. La frase ''debido procedi-
miento de ley,'' cuando se aplica a procedimientos judiciales,
significa que debe haber un tribunal competente para juzgar
el asunto; la notificación real o implícita; la oportunidad de
comparecer y presentar pruebas; ser oído, personalmente o
por abogado; y, si el asunto en controversia envuelve la deter-
minación de la responsabilidad personal del demandado, en-
tonces éste deberá ser traído a la jurisdicción mediante la
entrega legal de la citación dentro del Estado, o por su com-
parecencia voluntaria; y tiene que haber un curso de procedi-
mientos legales de acuerdo con las reglas y principios estable-
cidos por nuestra jurisprudencia para protejer y hacer valer
los derechos privados. Las formas de procedimientos y prác-
ticas pueden cambiarse, no obstante, y la Constitución queda
cumplida si lo sustancial del derecho no ha sido afectado, y si
se da la oportunidad para invocar la protección igual de la ley,
por medio de procedimientos judiciales que sean apropiados y
adecuados al particular. (9 Cyc., 1084, y los casos citados.)

Según lo demuestran los autos, el juicio en el presente caso
siguió la ley, y concedió al delincuente todo derecho que legal-
mente podía reclamar.

''De esto resulta que cualquier procedimiento legal que se

siga por la autoridad pública, ya esté sancionado por la anti-
güedad de su uso y la costumbre, o ya nuevamente ideado en
la discreción del poder legislativo para el adelantamiento del
bien público, y que concierna y conserve esos principios de
libertad y justicia, debe considerarse como el debido procedi-
miento de ley.'' (*Hurtado* v. *California.* 110 U. S., 537.)

Los autos del presente caso contienen una orden expedida
por una corte y dirigida al acusado, notificándole el cargo o
denuncia formulada contra él, y citándole para que compa-
rezca en determinado día y alegue las razones que tuviere por
las que no había de condenársele como reo de desacato, y pre-
sente las pruebas para hacer su defensa. En dichos autos,
constan además, la vista del caso en que la corte oyó la prueba
testifical de ambas partes, y después de dicha vista, una sen-
tencia condenatoria. El acusado no fué condenado sin que la
corte hubiera oído su defensa. El estatuto dispone que si es
mnifiesto para la corte que se ha cometido perjurio, el juez está
facultado para detener al acusado y dictar la orden, pero no
condenar al acusado. La falta cuya comisión es manifiesta
para la corte podrá explicarse satisfactoriamente; las declara-
ciones falsas prestadas en el acto del juicio, mueven la con-
ciencia del juez para dictar la resolución que proceda, lo mismo
que una vista *prima facie* en un procedimiento civil, puede
impeler a una corte a expedir un auto alternativo de *manda-
mus* o a dictar un *injunction* preliminar, o cualquier otro pro-
cedimiento u orden que pueda expedirse por una corte, requi-
riendo a una parte para que comparezca y explique las razones
que tuviere por las cuales no deba la corte proceder a pro-
nunciar sentencia.

Creemos que no hay duda de que la Asamblea Legislativa
tiene facultades para votar una ley como aquella en que se
basó este procedimiento, y que dicha ley está en pleno vigor y
efecto en todas sus partes.

No se ha privado al acusado de derecho alguno. Él fué
notificado del cargo que se le hacía. Se fijó un día para la
vista. El acusado tuvo su día en corte. Él tuvo amplia opor-

tunidad de ser oído personalmente y por su abogado. No se le ha negado ninguna defensa o protección legal. *Tinsley* v. *Anderson,* 171 U. S., 106.)

De un examen detenido de los autos resulta que no cabe duda de la culpabilidad del acusado. No es evidente el propósito de esta apelación, como no sea el demorar el castigo, o el aprovecharse de cualquier accidente propicio que pudiera ocurrir en favor de la persona convicta de tal desacato.

Hemos examinado detenidamente la ley y los autos y no vemos motivo para modificar la sentencia del tribunal sentenciador. Siendo así, debe confirmarse en todas sus partes la sentencia dictada en este caso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.