EL PUEBLO, DEMANDANTE Y APELADO, *v.* AQUINO, ACUSADO Y APELANTE.

No. 2157.—*Visto:* Enero 22, 1924. *Resuelto:* Mayo 31, 1924.

PERJURIO—DESACATO POR PERJURIO—PROPÓSITO DE LA LEY QUE LO CASTIGA—DE-RECHOS DEL ACUSADO.—La idea fundamental que inspira la Ley No. 41 de 1911 ''para proveer un castigo sumario por el delito de perjurio cometido en corte abierta y para otros fines'' consta claramente de su propio título, de su sección segunda y de su historia, a saber: castigar rápida y eficientemente a aquellos que faltando al juramento prestado, al respeto debido a las cortes y a su propia dignidad, declaran falsamente; y para que la ley resulte constitucional es necesario interpretarla de manera que en su aplicación no viole los derechos fundamentales del acusado a conocer el cargo que se le imputa, a confrontarse con los testigos de la acusación, a ser condenado solamente mediante prueba legal y suficiente del delito que se le·imputa.

ID.—ID.—ORDEN DE ARRESTO Y COMPARECENCIA—JUICIO Y SENTENCIA.—Hay dos momentos en estos casos en que ·se mueve y actúa la conciencia del juzgador. Es el primero cuando al prestar su declaración en el juicio, queda el juez convencido de que el testigo es perjuro y ordena su arresto y fija el día en que debe comparecer. Y es el segundo cuando habiendo ya actuado de tal modo se dispone a investigar el caso en sí mismo oyendo las pruebas de ambas partes y dictando finalmente su sentencia de acuerdo con la prueba practicada.

ID.—ID.—APELACIONES.—Cuando en estos casos la sentencia final se dicta por una corte municipal, cabe apelar para ante la de Distrito competente la que conocerá del caso mediante. juicio de nuevo. Si la sentencia se dicta por la corte de distrito originalmente, puede apelarse para ante el Tribunal Supremo. Como en todos los casos de apelaciones, en éstos la base para que el Supremo actúe y decida es la transcripción de los procedimientos que tuvieron lugar en la corte inferior preparada de acuerdo con la ley.

ID.—ID.—PRUEBA.—Habiéndose en este caso presentado como única prueba de cargo la declaración del acusado que no es contradictoria en sí misma, no pudiendo aceptarse como suficiente el convencimiento del juez sentenciador que para dictar la orden de arresto y comparecencia formara sobre la cul-

pabilidad del acusado basándose en la prueba practicada en otro juicio enteramente desconocido para la corte de apelación, debe declararse el recurso con lugar y absolverse por falta de prueba al acusado.

Sentencia de *Angel Acosta,* J. (Mayagüez), condenando al acusado en delito de desacato por perjurio. *Revocada.*

*Benet & Souffront,* abogados del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

. Se trata de un caso de desacato por perjurio, castigado de acuerdo con la ley especial sobre la materia. Ley No. 41 de 1911, (p. 136).

El proceso comenzó por virtud de una orden que copiada a la letra, en lo pertinente, dice:

"Por cuanto, en el día de hoy, y durante la vista en corte abierta en esta Corte de Distrito del Distrito Judicial de Mayagüez, P. R., de la causa criminal 4931, de El Pueblo de Puerto Rico contra Sixto Soto por atentado a la vida, cuyo delito consistió en haber atacado dicho Sixto Soto armado de un arma de fuego al sér humano Genaro Bassat, infiriéndole con dicha arma de fuego varias heridas incisas de carácter grave con la intención de cometer Asesinato, fué llamado para declarar como testigo de la defensa el individuo Marcelino Aquino quien después de haber prestado el debido juramento en corte abierta, el que le fué administrado por el Secretario de la Corte, intencionalmente y contrario al juramento que acababa de prestar, declaró que Genaro Bassat disparó dos tiros de revólver contra Sixto Soto y que éste disparó tres tiros contra el primero, siendo tal declaración falsa y maliciosa, toda vez que Genaro Bassat no portaba revólver y recibió cinco heridas causadas por cinco disparos distintos.

"Por cuanto: El Juez que presidió la vista de dicho caso y que es el mismo qué firma la presente orden ha quedado convencido de que el expresado testigo Marcelino Aquino ha cometido perjurio en su declaración ante la corte en la forma antes dicha.

"Por tanto: El juez que provee, de su propia moción ordena que el individuo Marcelino Aquino sea arrestado y detenido bajo la custodia del Alcaide de la Cárcel del Distrito de Mayagüez, y por la presente se le notifica para que comparezca en audiencia pública de esta Corte de Distrito del Distrito Judicial de Mayagüez, el día 10 de marzo de 1923 a las 9 A. M. y muestre las causas que tuviere

por las cuales no deba ser castigado por desacato a la Corte. *Disponiéndose, además,* que el ofensor Marcelino Aquino para poder. permanecer en libertad provisional hasta su comparecencia a responder de perjurio en Corte abierta, podrá prestar una fianza de $500. Mayagüez, P. R., a 5 de marzo de 1923.''

El 16 de marzo de 1923 para el cual fué transferido el juicio, comparecieron el acusado por su abogado y el fiscal del distrito. Se dió lectura a la acusación y tuvieron lugar los siguientes procedimientos:

''El abogado del acusado y en representación del mismo y como cuestión formal alegó que la acusación u orden que en este caso inicia el proceso, no aduce hechos que constituyan el delito de perjurio, haciéndolo constar a los fines del récord.

''La corte negó la moción del acusado manifestando que la prueba en este caso consiste en lo que manifestó el acusado en corte abierta, ordenando al Secretario que lea la declaración prestada por el acusado.

''El Secretario de la Corte dió lectura a la declaración prestada por el acusado Marcelino Aquino.'' (Se transcribe).

''El Juez preguntó a la defensa si tenía prueba y el abogado defensor preguntó a la corte si esa era toda la prueba del Pueblo a lo que el Juez contestó afirmativamente y entonces el defensor se dirigió en estos términos: Defensor.—El Pueblo debe probar que este acusado ha cometido el perjurio en corte abierta y ahora todo lo que hay es la declaración de él, que no está contradicha en nada, conforme desde el principio hasta el final.

     *       *       *       *       *       *       *

''En este caso, señor Letrado, es un procedimiento sumario que es cuando la corte esté convencida y la corte está convencida de que cuando el testigo prestó la declaración que a sabiendas, en contra de su juramento, faltaba a la verdad y lo procesó por el perjurio en corte abierta o sea el desacato a la corte y señaló el día de hoy para oirle en su defensa, lo que tuviera por conveniente exponerle a la corte para no ser condenado por desacato. La corte le ha leído y ordenó al Secretario antes leer la orden de la corte y ha leído su declaración y éste es el momento en que el acusado debe si tiene pruebas, si tiene evidencia, o si quiere hacerlo así, demostrarlo a la corte.''

''Defensor:—Solamente la cuestión es la siguiente: Está bien en cuanto al convencimiento de la corte para dictar la orden pero luego para la convicción la ley dice que de acuerdo con la prueba se obrará.

De manera que tiene que apreciar la prueba, que el individuo cometió el perjurio.

"Juez:—La ley dice:—La corte a moción propia ordenará el arresto y detención del ofensor; y dictará una orden que se notificará a dicho ofensor para que comparezca y explique las razones que tuviere por las cuales no deba ser castigado por desacato a la corte. De manera que esa es la orden y este es el momento en que este acusado debe explicar las razones si alguna tiene, por las cuales no debe ser condenado por desacato a la corte. El acusado dentro del plazo que la corte fijare, presentará su defensa contra dicha citación, la corte oirá las declaraciones de la acusación y de la defensa, y después de practicadas las pruebas, dictará su resolución en el caso.

"El Fiscal solicitó de la corte que se presentara como prueba la declaración prestada por ·Genaro Bassat anteriormente en el juicio que dió lugar al desacato, o sea el juicio anterior que se tomó por escrito por el taquígrafo, en el juicio de atentado a la vida contra Sixto Soto, habiéndose opuesto el defensor, y la corte negó la moción de admitir dicha declaración."

El acusado ofreció entonces su prueba consistente en su propia declaración y en copias de las declaraciones prestadas en el juicio por atentado a la vida por los testigos Marcos Soto y José Paz.

Terminada la práctica de la prueba, el Juez dictó la siguiente resolución:

"La corte de la apreciación de la prueba entiende que la ley y los hechos están contra este acusado. Está convencida de que este acusado en contra de su juramento ilegalmente y a sabiendas, dió una declaración falsa en corte abierta y ante el Jurado, de la evidencia practicada quedó suficientemente demostrado que Genaro Bassat no tenía revólver, ni hizo uso de armas de ninguna clase, sino únicamente con sus propios puños, con su propia persona se tiró encima de Sixto Soto al cual desarmó. Por tanto la corte entiende que este acusado ha cometido un perjurio en corte abierta y le impone la pena de diez díaz de cárcel o en su defecto veinte dollars de multa."

No conforme el acusado apeló para ante este tribunal. En su alegato señala dos errores, así:

"La Honorable Corte inferior cometió manifiesto error de derecho al declarar sin lugar la excepción perentoria de falta de hechos que constituyan un delito público, interpuesta a la orden o acusación en que se basa el presente caso.

"La Honorable Corte inferior cometió manifiesto error de hecho y de derecho y asimismo actuó bajo la influencia de prejuicio contra el apelante al apreciar la prueba en el presente caso y dictar sentencia condenando al apelante a diez días de cárcel o a veinte dólares de multa."

El Fiscal del Supremo impugnó el primer señalamiento de error y, aunque terminó su informe pidiendo que la sentencia apelada fuera confirmada, expuso que tenía fuertes dudas en cuanto a si era posible adoptar el criterio de la corte sentenciadora en relación con el segundo error.

Ninguna de las partes en su alegato cita jurisprudencia directamente aplicable. Se trata de una ley nueva y quizá puesta en vigor por vez primera en Puerto Rico. En el caso de *El Pueblo* v. *Fourquet,* 17 D.P.R. 1077, el Attorney General Foster V. Brown archivó un informe en el cual dijo que desde su llegada a Puerto Rico se le llamó la atención sobre lo común que era el delito de perjurio y agregó:

"En la conferencia de Jueces, Fiscales y Abogados de la Isla, celebrada en el Palacio del Gobernador el 17 de noviembre de 1910, se discutió extensamente ese asunto y fué la unánime opinión de aquella Asamblea de hombres distinguidos y de representación, que debía decretarse una ley propia y adecuada para corregir, si posible fuese, ese gran mal. Para aquellos que están familiarizados y que conocen por completo las condiciones en que se encuentra Puerto Rico, en orden de obtener un veredicto de culpabilidad por este delito en juicio por jurados, parecía una imposibilidad y un esfuerzo inútil; y aun cuando los jurados al parecer están bastante dispuestos a condenar en otras clases de delitos, sin embargo vacilaban y se mostraban rehacios para hacerlo en casos de perjurio y la opinión general que prevaleció fué que la ley debía contener alguna disposición en virtud de la cual se pudiera castigar el perjurio por el Juez de la Corte, en vez de tener que someterlo a un Jurado.

"La conferencia no trató de adoptar y recomendar a la Legislatura la forma o modo de realizar la idea, sino que puso el asunto

en manos de una Comisión de Abogados y Jueces competentes. Como resultado del trabajo de los hombres de la Comisión se presentó un Proyecto de Ley a la Legislatura, el cual proyecto fué aprobado en 9 de marzo de 1911 prácticamente en la forma en que se presentó, excepción hecha de que se mitigó grandemente el grado de la pena. La ley tal como fué aprobada se titula 'Ley para proveer un castigo sumario por el delito de perjurio cometido en corte abierta y para otros fines.' ''

En dicho caso y en el de *El Pueblo* v. *Valcourt*, 18 D.P.R. 484, esta corte por medio de su juez asociado Sr. MacLeary estudió cuidadosamente la ley de que se trata y declaró que era constitucional.

La ley contiene cuatro secciones que deben ser examinadas conjuntamente para su debida interpretación. Dice así:

"Sección 1.—Si durante la vista de cualquier caso ante una Corte Municipal o de Distrito en Puerto Rico, compareciere un testigo y prestare juramento o afirmación de decir verdad ante dicha corte, en cualesquiera casos en que se prestare dicho juramento o afirmación y después de prestado, intencionalmente y contrario al mismo, declarare como cierta cualquier cosa substancial que el testigo sabe que es falsa o que no es verdad, será culpable de perjurio; y si dicho juramento o afirmación se prestare en corte abierta y se violare en la forma expresada en la presente, entonces dicho testigo será culpable de desacato a la corte y castigado según se dispone más adelante en esta Ley. Si el juez que preside en dicho caso quedare convencido, en cualquier caso pendiente ante su corte, de que un testigo, después de haber prestado juramento o afirmación, según se dispone por la ley, de decir la verdad en cualquier asunto pendiente ante la corte, es culpable de perjurio según se define en la presente, será entonces deber de dicho juez, ante quien se celebrare el juicio, ordenar, y por la presente se le faculta para que ordene, a moción propia, el arresto y detención del ofensor; y dictará una orden que se notificará a dicho ofensor para que comparezca y explique las razones que tuviere por las cuales no deba ser castigado por desacato a la corte. El acusado, dentro del plazo que la corte fijare, presentará su defensa contra dicha citación, la corte oirá las declaraciones de la acusación y de la defensa, y después de practicadas las pruebas, pronunciará sentencia en el caso. Si de las declaraciones prestadas, que se tomarán por escrito, la corte queda convencida de que la persona citada como se ha dicho ha sido cul-

pable de perjurio, será entonces el deber de la corte castigar a dicha persona como por desacato a ella, y la pena por dicho desacato será la de multa que no exceda de cien dollars, o encarcelamiento en la cárcel del distrito por un término que no exceda de tres meses, o ambas penas, a discreción del juez ante quien se celebrare el juicio del caso. Cualquier persona condenada en una Corte Municipal tendrá el derecho de apelar para ante la Corte de Distrito, como en cualquier otra causa criminal; y en caso que el desacato se cometiere originalmente en una Corte de Distrito, la persona condenada en dicha Corte de Distrito tendrá el derecho de apelar al Tribunal Supremo.

"Sección 2.—La facultad que por la presente se da al juez de cualquier corte para castigar como desacato cualquier perjurio cometido en corte abierta, no ha de entenderse en el sentido de quitar a las cortes el poder y la facultad de castigar por perjurio según lo dispuesto en otros estatutos y leyes de Puerto Rico, siendo el propósito de esta Ley el tratar de manera sumaria los casos de perjurio que se cometieren en corte abierta, siempre que la falsedad del testimonio sea manifiesta para el juez de la corte.

"Sección 3.—En el caso de que una persona sea condenada por perjurio, en procedimiento de desacato, y fuese perseguida en causa criminal por el mismo hecho, no será admisible evidencia alguna de la orden o sentencia dictada por el juez ni nada que con dicha orden se relacione.

"Sección 4.—Toda ley o parte de ley que se oponga a la presente queda por ésta derogada."

Las palabras del Attorney General Brown que dejamos transcritas expresan con verdad el origen de la ley. De los términos en que está redactada se desprende su espíritu y se deducen sus propósitos. Para que su espíritu y propósitos se cumplan sin violar preceptos constitucionales, ni chocar con las garantías que a los ciudadanos ofrecen nuestras instituciones, es necesario interpretarla en armonía con esos preceptos e instituciones.

La idea es corregir rápidamente el perjurio. Mover la conciencia individual y social. Castigar sin vacilaciones al que faltando a la santidad del juramento prestado y al respeto debido a las cortes de justicia y a su propia dignidad de hombre, declara falsamente. ¿Podrá existir un desacato

mayor, una burla más patente, que engañar a un juez de
tal modo? Para castigar al culpable debe existir un proce-
dimiento rápido, eficaz, al alcance de la corte. Pero dicho
procedimiento debe ofrecer a la vez todas las garantías que
nuestras instituciones reconocen al ciudadano.

Estudiando en su totalidad la ley de que se trata, se ob-
serva que hay dos momentos en que se mueve y actúa la
conciencia del juez. Es el primero cuando al prestar su
declaración en el juicio, queda el juez convencido de que el
testigo es un perjuro. Entonces es el deber del juez, a mo-
ción propia, ordenar el arresto del testigo, fijando día para
la comparecencia. Y es el segundo cuando el juez habiendo
ya actuado, se dispone a investigar el caso en sí mismo,
oyendo no sólo las declaraciones de la defensa, sino las de
la acusación. Para que la ley sea constitucional, el acusado
debe ser informado claramente del cargo, debe la acusación
aportar la prueba de la existencia del delito y debe darse
una oportunidad de defenderse al acusado, incluyendo su
claro derecho a confrontarse con los testigos en su contra.
Todo sumariamente, pero todo derecho garantido por igual.

Examinados los hechos de este caso concreto sometido a
nuestra consideración y resolución, a la luz de los anterio-
res principios, opinamos que no se ha cometido el primer
error, pero sí el segundo.

Creemos que la orden de la corte iniciando el procedi-
miento es suficiente. De ella se desprende la comisión del
acto delictivo perseguido y a virtud de ella el acusado pudo
preparar bien informado su defensa.

Pero la prueba aportada no fué en manera alguna bas-
tante y el criterio del juez sentenciador, tal como se revela
de sus manifestaciones en el acto de la vista en cuanto a
sus facultades, es erróneo. No debe el juez basar su sen-
tencia en su primera apreciación. Su primera apreciación
lo llevó a iniciar el procedimiento. Libre de prejuicios
debe disponerse luego a juzgar el caso en sí mismo, indepen-

dientemente, de acuerdo con la prueba que ante él se practique.

La ley expresamente concede una apelación. ¿Cómo podrán los jueces de la corte de apelación formar concepto si el juez sentenciador deja guardada en su propia conciencia la prueba que apreciara en un juicio distinto no conocido para ellos?

Si la apelación se establece de la corte municipal para ante la de distrito, como la corte municipal no es de récord, un juicio de nuevo tendrá que celebrarse ante la corte de distrito. Si el recurso se interpone de la corte de distrito para ante el Tribunal Supremo, el Supremo a virtud de la transcripción debe ser colocado en las mismas condiciones en que se encontraba la corte de distrito al rendir su sentencia.

Hemos examinado cuidadosamente la declaración de Aquino, única prueba de la acusación, y sólo podemos concluir a virtud de la presunción que existe de que todo hombre dice la verdad, que es verdadera. No incurre en contradicciones consigo mismo. Ciertas preguntas que se le hacen parten de la base de otros hechos que serían conocidos por el juez sentenciador, pero que son enteramente desconocidos para nosotros. Las otras declaraciones aportadas por la defensa corroboran y confirman lo dicho por el acusado.

Bajo esas circunstancias se impone la *revocación de la sentencia recurrida y la absolución del acusado.*

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.