El Pueblo de Puerto Rico, demandante y apelado, *v.* Anastasio Gutiérrez, acusado y apelante.

No. 3128.—*Visto:* Febrero 18, 1927. *Resuelto:* Abril 28, 1927.

1. Desacato—Autoridad para Castigar y Procedimientos para Ello—Procedimientos Sumarios—Desacato por Perjurio—Intervención Fiscal en los Procedimientos—Necesidad de la Misma.—En los procedimientos sumarios de desacato por perjurio cometido en corte abierta, el fiscal debe intervenir y ofrecer la prueba de la acusación.

2. Desacato—Autoridad para Castigar y Procedimientos para Ello—Procedimientos Sumarios—Desacato por Perjurio—Intervención Fiscal en los Procedimientos—Necesidad de la Misma.—En los procedimientos sumarios de desacato por perjurio cometido en corte abierta, al investigar el juez el caso en sí mismo, debe oir no sólo las declaraciones de la defensa sino las de la acusación.

Sentencia de *Angel Acosta,* J. (Mayagüez), condenando al acusado por delito de perjurio en corte abierta, sin costas. *Revocada.*

*Angel A. Vázquez,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Se trata de un caso de desacato por perjurio cometido en corte abierta y la cuestión a decir es si se siguió o no el procedimiento marcado por la ley especial sobre la materia.

Anastacio Gutiérrez, el acusado, compareció a declarar como testigo en cierto caso de asesinato que se celebraba en la Corte de Distrito de Mayagüez. El juez que dirigía el juicio estimó que Gutiérrez había declarado falsamente y dictó una orden decretando su arresto y fijando determinado día para que compareciera a mostrar las causas que tuviese para no ser castigado por desacato.

Hasta aquí el procedimiento seguido está de acuerdo con lo prescrito en la Ley No. 41 de 1911 proveyendo un castigo sumario para los perjurios cometidos en corte abierta.

Llegado el día de la comparecencia el juez abrió el acto explicando detalladamente lo ocurrido en el juicio en que había declarado el acusado y manifestando que había quedado convencido de la falsedad de su declaración y preguntó final-

mente al acusado "¿Quiere practicar prueba sobre ese particular?" Por medio de su abogado el acusado contestó afirmativamente y ofreció como prueba su propia declaración.

Acto seguido la corte declaró al acusado culpable y le impuso quince días de arresto en la cárcel del distrito. No consta que el fiscal interviniera en el procedimiento.

Después de establecer en su sección primera la citada Ley No. 41 de 1911, el procedimiento relativo a la orden para mostrar causa dice:

"El acusado dentro del plazo que la Corte fijare, presentará su defensa contra dicha citación, la Corte oirá las declaraciones de la acusación y de la defensa, y después de practicadas las pruebas, pronunciará sentencia en el caso."

En el *Pueblo* v. *Aquino,* 33 D.P.R. 255, esta corte interpretando la Ley No. 41 de 1911, se expresó así:

"Estudiando en su totalidad la ley de que se trata, se observa que hay dos momentos en que se mueve y actúa la conciencia del juez. Es el primero cuando al prestar su declaración en el juicio, queda el juez convencido de que el testigo es un perjuro. Entonces es el deber del juez, a moción propia, ordenar el arresto del testigo, fijando día para la comparecencia, y es el segundo cuando el juez habiendo ya actuado, se dispone a investigar el caso en sí mismo, oyendo no sólo las declaraciones de la defensa, sino las de la acusación."

No es necesario decir más. La ley y la jurisprudencia favorecen al apelante. Así lo reconoce el propio fiscal de esta Corte en su alegato. Debió intervenir en el procedimiento el fiscal y ofrecer la prueba de la acusación. Entonces esta Corte hubiera tenido un récord que investigar. Si todo queda guardado en la conciencia del juzgador original ¿a qué la apelación que la misma ley concede? Se trata de un procedimiento sumario, es verdad, en el que hay que reconocer en toda su extensión el principio de que el juez de distrito se encuentra en mejores condiciones que los jueces de apelación para apreciar la prueba, pero ello no quiere decir que

pueda prescindirse de aportar la prueba que sirve de base a la sentencia dejando de ella la debida constancia en los autos.

*Debe revocarse la sentencia recurrida.*