EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CECILIO NADAL, acusado y apelante.

Núm. 10652.—*Sometido:* Diciembre 8, 1944. *Resuelto:* Enero 8, 1945.

*Armindo Cadilla Ginorio,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La Corte de Distrito de Arecibo declaró culpable a Cecilio Nadal de un delito de desacato por perjurio porque al

declarar como testigo en un caso criminal que se siguió ante dicha corte contra Ricardo Cepero por un delito de infracción al artículo 7 de la Ley número 14 de 1936 ((2) pág. 129) hizo manifestaciones contrarias a las que había hecho anteriormente bajo juramento ante el fiscal en la investigación preliminar del caso. Se alegó en la acusación que la declaración del testigo era esencial al resultado del proceso que se celebraba. En esta apelación sostiene el acusado que la sentencia es contraria a derecho y a la prueba practicada. El fiscal de esta corte solicita la revocación de la sentencia por entender que "Es cosa elemental en materia de perjurio que éste haya sido cometido en relación con algo esencial y substancial al proceso que se ventilaba, y esa esencialidad es necesario demostrarla en el proceso por perjurio", y esto no se probó en el presente caso.

Del examen que hemos hecho de la prueba de cargo, única presentada en el caso, hemos quedado convencidos de que la sentencia debe ser revocada.

En la acusación se alegó que la declaración falsa prestada por el acusado consistió en haber declarado en corte abierta: "que el acusado . . . había estado en su establecimiento de mecánico, donde el testigo arregla armas de fuego, . . . hace como dos años y le llevó un revólver para arreglar y le arregló dicho revólver y se lo devolvió al acusado . . . cuando lo cierto es que bajo juramento declaró contrario a lo que dijo en corte abierta, que dicho acusado le llevó el revólver a arreglar como cinco meses atrás partiendo del mes de marzo de 1943".

Nada hay en la prueba que demuestre o tienda a demostrar que la declaración prestada por el acusado en corte abierta fuera esencial en relación con la prueba del delito de infracción a la ley sobre registro de armas imputado a Ricardo Cepero. El fiscal de la corte inferior por medio del testimonio del Jefe de la Policía Sr. Pratts trató de demostrar que la declaración del aquí apelante era material al

resultado del caso que se celebró contra Cepero, pero al sostener la corte inferior una objeción de la defensa al empezar el interrogatorio del fiscal, retiró al testigo, y a pesar de que la corte le indicó que tenía otros medios de probar que la declaración falsa era esencial, el fiscal no presentó prueba alguna a dicho fin.

Vista la sección 1 de la Ley número 41 de 1911 (Código Penal, ed. 1937, pág. 69) y los casos de *Pueblo* v. *Aquino,* 33 D.P.R. 255 y *El Pueblo* v. *Marchany,* 61 D.P.R. 699, *procede la revocación de la sentencia apelada y la absolución del acusado.*