EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GERÓNIMO MARRERO MÉNDEZ, acusado y apelante.

*Número:* CR-66-408     *Resuelto:* 18 de diciembre de 1967

606

*Gilberto Vega Couso,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En el Tribunal Superior de Puerto Rico, Sala de Bayamón, se inició contra el apelante un proceso de desacato por perjurio cometido en corte abierta, mediante la siguiente

"Orden

Por Cuanto, en el día de hoy durante la celebración de un juicio criminal seguido por El Pueblo de Puerto Rico contra Ezequiel Cruz Nieves [el acusado en el otro caso] por el delito de Asesinato (G63-69) compareció como testigo de cargo el ahora acusado Gerónimo Marrero Méndez quien prestó el debido juramento y afirmación ante este Tribunal de decir toda la verdad y nada más que la verdad en dicho caso, y después de

prestado intencionalmente y contrario al mismo, declaró como cierto lo siguiente:

Que el día 23 de diciembre de 1962 en el Bo. Hato Tejas, sitio Río Plantation de Bayamón la persona que conducía el vehículo de motor en que viajaba el testigo en ese momento en compañía de Ezequiel Cruz Nieves y Félix Díaz Sánchez no era Ezequiel Cruz Nieves sino Félix Díaz Sánchez; todo lo cual es sustancial al proceso, y que ese testigo sabe que no es verdad;

Por Cuanto, el Tribunal tiene facultad para ordenar a moción propia el arresto y detención de este ofensor.

Por Tanto, vista la Sección primera de la 'Ley para proveer un castigo sumario por el delito de perjurio cometido en corte abierta', aprobada en 9 de marzo de 1911, se ordena el arresto del mencionado Gerónimo Marrero Méndez a quien también se notificará para que comparezca y explique las razones que tuviere por las cuales no deba ser castigado por descato al Tribunal.

En tanto se celebra el juicio puede prestar una fianza de $1,000.00.

Se señala el día 6 de julio de 1964, a las 9:00 A.M. para la comparecencia de dicho acusado, quien podrá traer la prueba que tuviere; y también se citará a los testigos de El Pueblo para dicho acto.

Dada en Corte abierta en Bayamón, P.R., a 9 de junio de 1964.

(Fdo.) Augusto Palmer
            Juez Superior"

El juicio se celebró en la fecha señalada. El fiscal presentó como única prueba de cargo tres documentos. El primero de ellos es una transcripción de las notas taquigráficas del testimonio prestado por el apelante durante el proceso por asesinato seguido contra Ezequiel Cruz Nieves. De acuerdo con dicho documento, el apelante, quien era un testigo de cargo, declaró que la persona que manejaba el vehículo con el cual se ocasionó la muerte a Víctor Andino Maldonado,

era Félix Díaz y no el acusado en aquel proceso Ezequiel Cruz Nieves.

El segundo documento es una declaración jurada prestada por el testigo, aquí acusado-apelante, ante el fiscal Cabrera el día 26 de diciembre de 1962 y en la cual depuso que la persona que conducía el vehículo era Ezequiel Cruz Nieves.

El otro documento fue el expediente del caso criminal seguido contra Ezequiel Cruz Nieves.

El tribunal admitió en evidencia los tres documentos con la objeción de la defensa y el fiscal anunció entonces que ésa era su prueba.

La defensa solicitó la absolución perentoria del acusado alegando que no se había probado el delito por el cual se le acusaba.

Al resolver en contra del acusado el juez se expresó así:

"Esta es una ocasión, a mi entender, que el testigo muestra causa por la cual no se le debe considerar que habiendo incurrido en desacato por perjurio el Juez procese al individuo ante todo el conjunto de la evidencia que tiene en la vista del caso criminal donde se dicta el procedimiento y todas las circunstancias envueltas en dicho caso y los pormenores de su declaración en el caso conjuntamente con las circunstancias del caso criminal en el cual declaró; el caso criminal o civil, el caso que sea en el cual declare. De modo, que incumbe al acusado en este momento mostrar causa por la cual el Tribunal no debe encontrarlo incurso en desacato por perjurio."

Al denegar la reconsideración solicitada por la defensa el Sr. Juez volvió a expresarse así:

"Este es un caso de desacato donde el Tribunal ejerce la facultad inherente y estatutoria del caso por desacato, o sea, aquí el perjurio en sí, que el Juez considera perjurio la falsedad del testimonio, es la ofensa al Tribunal, se trata de sancionar con la sanción correspondiente. El caso de desacato tiene ciertas peculiaridades del proceso criminal pero no es en todo sentido un proceso criminal, evidentemente tampoco es un proceso criminal corriente. Aquí se ejerce el poder del Tribunal para casos por desacato y le da sencillamente ocasión al testigo para que

convenza al Tribunal de que no incurrió en un testimonio falso mientras declaraba bajo juramento, de decir la verdad."

Más adelante el magistrado volvió a expresarse así:

"Creo que la defensa está enfocando este caso como un caso criminal corriente. La conclusión de falsedad la hace el Juez en el momento en que se dicta la orden correspondiente en atención a todas las circunstancias y lo que se castiga es el desacato, la esencia es el desacato, la falta de respeto al Tribunal al declarar falsamente. La ocasión que tiene el acusado en esta vista, es para convencer al Tribunal de que no incurrió en testimonio falso, hacer que el Tribunal varíe su criterio en torno a que el testigo habiendo sido juramentado y estando declarando en un proceso criminal declaró, testificó en forma falsa ante el Tribunal sobre un hecho esencial. Aquí se ventilaba un caso de Asesinato y un Asesinato por vía del uso de un automóvil donde al acusado se le imputaba haber estado conduciendo un automóvil que le tiró encima, según la imputación, a la víctima, habiéndolo arrollado y habiéndolo así asesinado. Con todos los elementos de asesinato, el testigo formaba parte de la prueba de cargo y declaró como tal y habiendo, según se estableció en la propia vista, y habiendo declarado anteriormente ante el Fiscal que la persona del acusado era la que conducía el vehículo homicida o presunto homicida, en esa vista varió esa cuestión esencialísima en cuanto a quien conducía el vehículo a que se refería la acusación del caso. Al testigo se le imputa un desacato al Tribunal. En los casos de desacato al Tribunal la vista es para que el testigo sencillamente muestre causa por la cual no se deba condenar por desacato, desacato por perjurio en el caso, porque está basada en una declaración falsa, perjura, conclusión sobre la cual hace el Tribunal en corte abierta. De modo que estamos ante un caso especial, no es un proceso de un delito corriente y el acusado tiene esta ocasión para mostrar causa por la cual no se debe condenar por descato por perjurio. Es la ocasión que se le da al acusado luego de que el Tribunal ha hecho una determinación de la falsedad de su testimonio, para que convenza al Tribunal de que su testimonio en el hecho esencial en cuestión, fue conforme a la verdad y que él no faltó a la verdad al declarar en el caso."

Como única prueba de defensa el acusado prestó testimonio y en síntesis declara que lo que declaró en el proceso

por Asesinato era lo mismo que anteriormente había declarado ante el fiscal Cabrera.

Terminada la prueba la defensa volvió a solicitar la absolución del acusado porque no se había probado la falsedad del testimonio que éste prestara en el proceso por Asesinato.

El tribunal le declaró culpable de desacato por perjurio cometido en corte abierta y en una fecha posterior lo sentenció a sufrir dos meses de cárcel.

Solicita el acusado-apelante la revocación de dicha sentencia porque el tribunal de instancia cometió error (1) al considerar evidencia no presentada en el proceso por desacato y sí en la causa criminal donde se dictó la orden de desacato, (2) al no considerar el proceso por desacato como un proceso criminal corriente privándole de su derecho a la presunción de inocencia, (3) al imponer al acusado el *onus probandi* de su inocencia, y (4) al declararle culpable con prueba insuficiente.

Incurre en desacato al tribunal el testigo que comete perjurio en corte abierta según éste se define en la ley. (¹)

---

(¹) La Sec. 430 del Título 33 de L.P.R.A. dispone:
"§ 430. Castigo sumario como desacato por el delito de perjurio cometido en corte abierta

Si durante la vista de cualquier caso ante el Tribunal de Distrito o el Tribunal Superior de Puerto Rico, compareciere un testigo y prestare juramento o afirmación de decir verdad ante dicha Corte, en cualesquiera casos en que se prestare dicho juramento o afirmación, y después de prestado, intencionalmente y contrario al mismo, declarare como cierta cualquier cosa substancial que el testigo sabe que es falsa o que no es verdad, será culpable de perjurio; y si dicho juramento o afirmación se prestare en corte abierta y se violare en la forma expresada en la presente, entonces dicho testigo será culpable de desacato a la Corte y castigado según se dispone más adelante en esta Ley. Si él juez que preside en dicho caso quedare convencido, en cualquier caso pendiente ante su Corte, de que un testigo, después de haber prestado juramento o afirmación, según se dispone por la ley, de decir la verdad en cualquier asunto pendiente ante la Corte, es culpable de perjurio según se define en la presente, será entonces deber de dicho juez, ante quien se celebrare el juicio, ordenar, y por la presente se le faculta para que ordene, a moción propia, el arresto y detención del ofensor; y dictará una orden que se notificará a dicho ofensor para que comparezca y explique las razones que tuviere por las cuales no deba

Convencido el juez que preside la vista de un caso de que un testigo, después de haber prestado juramento o afirmación de decir la verdad, es culpable de perjurio, es deber de dicho juez ordenar, a moción propia, el arresto y detención del ofensor y dictará una orden que se notificará a dicho ofensor para que comparezca y explique las razones que tuviere por las cuales no deba ser castigado por desacato a la corte.

■ Aunque se trata de un procedimiento sumario, la culpabilidad del acusado deberá probarse en dicho procedimiento, como en cualquier otro caso criminal, más allá de duda razonable. Por eso la ley dispone que "la Corte oirá las declaraciones de la acusación y de la defensa, y después de practicadas las pruebas, pronunciará sentencia en el caso. Si de las declaraciones prestadas, que se tomarán por escrito, la Corte queda convencida de que la persona citada como se ha dicho ha sido culpable de perjurio, será entonces el deber de la Corte castigar a dicha persona como por desacato a ella, . . . ."

¿Qué prueba tuvo ante sí el tribunal de instancia para condenar al acusado por desacato por perjurio cometido en corte abierta? Ya la hemos reseñado anteriormente. El tribunal tuvo ante sí el expediente del caso por asesinato, la transcripción del testimonio del acusado prestado por el acu-

---

ser castigado por desacato a la Corte. El acusado, dentro del plazo que la Corte fijare, presentara su defensa contra dicha citación, la Corte oirá las declaraciones de la acusación y de la defensa, y después de practicadas las pruebas, 'pronunciará sentencia en el caso. Si de las declaraciones prestadas, que se tomarán por escrito, la Corte queda convencida de que la persona citada como se ha dicho ha sido culpable de perjurio, será entonces el deber de la Corte castigar a dicha persona como por desacato a ella, y la pena por dicho desacato será la de multa que no exceda de cien dólares, o encarcelamiento en la cárcel del distrito por un término que no exceda de tres meses, o ambas penas, a discreción del juez ante quien se celebrare el juicio del caso. Cualquier persona condenada en el Tribunal de Distrito tendrá el derecho de apelar para ante el Tribunal Superior, como en cualquier otra causa criminal; y en caso que el desacato se cometiere originalmente en el Tribunal Superior, la persona condenada en dicho Tribunal Superior tendrá el derecho de apelar al Tribunal Supremo."

sado como testigo de cargo en dicha causa y la declaración jurada que con anterioridad había prestado ante el fiscal Cabrera.

■ El testimonio del propio acusado prestado en el procedimiento de desacato no aporta ningún elemento de prueba en su contra ya que se limitó a declarar que lo que había declarado ante el fiscal era lo mismo que había declarado en corte abierta. Descartado su testimonio, queda en el récord, además del expediente del caso por asesinato, que nada aporta en cuanto a la falsedad de la declaración prestada en corte abierta, (1) el testimonio prestado por el acusado en el juicio por asesinato y (2) la declaración jurada que prestó ante el fiscal Cabrera. Esas dos declaraciones son contradictorias en cuanto al hecho esencial de quien era la persona que manejaba el vehículo homicida, pero ¿qué base tenía el juez para decidir que lo que declaró el acusado ante el fiscal Cabrera era lo cierto, y no lo que declaró en corte abierta en el proceso por asesinato? Para decidirlo así se requerían otras pruebas las cuales indudablemente el juez las tuvo ante sí en el proceso por asesinato.[2] No hay duda de que el juez consideró esas otras pruebas al condenar por desacato al acusado. Así se deduce de las manifestaciones que hizo dicho juez durante la celebración del juicio por desacato, y las cuales ya hemos transcrito en la exposición de los hechos e incidencias del procedimiento.

■ Ya este Tribunal, en el caso de *Pueblo* v. *Aquino*, 33 D.P.R. 255 (1924), dijo que para que la ley castigando

---

[2] Si lo que declaró el acusado en el proceso por asesinato era cierto y por tanto falso lo que declaró ante el fiscal Cabrera, el delito cometido por el testigo sería uno de perjurio y no el de desacato por perjurio cometido en corte abierta. Para determinar que el testigo declaró falsamente en el proceso por asesinato, el juez no podía basar su determinación exclusivamente en las propias declaraciones contradictorias del testigo, pues estaría determinando sin ningún otro elemento de prueba, en cuál de las dos declaraciones el testigo dijo la verdad. Ello equivaldría a conceder facultad al juez para escoger, a capricho, una de las dos declaraciones como la verídica.

sumariamente como desacato por el delito de perjurio cometido en corte abierta sea constitucional, el acusado debe ser informado claramente del cargo, debe la acusación aportar la prueba de la existencia del delito y debe darse una oportunidad de defenderse al acusado, incluyendo su claro derecho a confrontarse con los testigos en su contra. Y en *Pueblo* v. *Marchany*, 61 D.P.R. 699 (1943), este Tribunal se expresó así a la página 701:

"Al resolver que en un caso de esta naturaleza existía una presunción de culpabilidad, la corte inferior estaba en efecto resolviendo que tan pronto como se dicta la orden para mostrar causa, debe considerarse el caso como uno ya probado contra el acusado, y que lo único que hay que hacer es oír su defensa, si alguna tiene. Tal interpretación de la Ley Estableciendo el Delito de Perjurio en Corte abierta hallaría graves dificultades constitucionales. Debe tenerse presente que un testigo no es el enjuiciado. Si se tiene la creencia de que ha declarado falsamente, debe así acusársele y celebrársele una vista en la que debe presentarse toda la pruba contra él. En el presente caso la corte inferior celebró la vista. Pero en vez de exigir al Pueblo que comenzara un nuevo proceso y se ofreciera toda la evidencia necesaria para declarar culpable al acusado, la corte inferior, bajo el concepto erróneo de que se había establecido ya un caso prima facie contra el Dr. Marchany, declaró que existía una presunción de culpabilidad contra el acusado y dirigió el procedimiento por el delito de desacato como si fuera parte integrante del caso de asesinato, refiriéndose a y tomado en consideración evidencia que había sido presentada en el juicio de asesinato ante un jurado, pero que no había sido presentada en ningún momento ante el juez, el cual estaba únicamente viendo la acusación de desacato. En verdad, el defecto del pronunciamiento de la corte inferior al efecto de que el acusado se defendía bajo una presunción de culpabilidad, se hizo evidentemente clara cuando la corte, durante el juicio, tomó en consideración evidencia que se le había presentado en el caso de asesinato en el cual el doctor Marchany no era el acusado.

■ Es obvio que la corte inferior confundió sus dos funciones separadas en casos de esta clase. Cuando se acusa a un testigo de desacato por perjurio en corte abierta, el juez al

dictar la orden para mostrar causa puede ser comparado con un juez instructor (*committing magistrate*) que encuentra causa probable, o con un fiscal de distrito que radica una acusación. Pero en el juicio por tal delito, cuando el testigo por primera vez se convierte en acusado, el proceso debe empezar de nuevo e introducirse toda la evidencia necesaria para declarar culpable al acusado, quien en todo momento durante el curso del nuevo procedimiento goza del beneficio de la presunción de inocencia. Esto se ha hecho constar muy claramente en una serie de casos resueltos por esta Corte."

Si bien en este caso el fiscal presentó alguna prueba, la misma es insuficiente para establecer la existencia del delito de desacato por perjurio cometido en corte abierta.

*Se revocará la sentencia apelada y se absolverá al apelante.*

El Juez Asociado Señor Belaval no intervino.