EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* HORACIO RODRÍGUEZ GONZÁLEZ, acusado y apelante.

*Número:* CR-74-15       *Resuelto:* 30 de septiembre de 1974

*Juan Enrique Colón* y *Waldo Pierluisi,* abogados del apelante; *Peter Ortiz, Procurador General Interino,* y *Justo Gorbea Varona,* abogados de El Pueblo.

PER CURIAM: La prueba de cargo fue al efecto de que el apelante conducía una guagua Chevrolet tablilla C96843 en dirección de Vega Baja hacia Arecibo. Según el agente que intervino con el apelante, el vehículo iba dando zig-zags, pasando de un carril a otro, llegando a invadir el carril de los vehículos que venían en dirección contraria. El agente le ordenó detenerse. Se detuvo cerca de un restaurante. Declaró el agente que el apelante despedía un fuerte olor a licor. Al requerirle que bajara del vehículo casi no podía hacerlo, se recostó del vehículo, casi no podía andar, hablaba incoherentemente y tenía los ojos rojizos. Consintió en que se le tomara una muestra de orina para un análisis químico. El resultado de este análisis fue el equivalente a .30 centésimas del uno por peso de alcohol en la sangre.

La teoría del apelante fue al efecto de que él no conducía el

vehículo. Su estado de embriaguez era tal que se lo impedía. La prueba presentada fue al efecto de que el apelante estaba bebiendo en el negocio que está situado cerca de donde su vehículo estaba estacionado; que ingirió mucho licor y estaba casi tirado en la mesa; que se cayó al suelo y lo tuvieron que llevar a la guagua; que al rato llegó la policía y entonces intervino con el apelante en la forma establecida por la prueba de cargo.

Terminada de desfilar la prueba anteriormente reseñada, el Juez que presidió la vista expresó:

"HON. JUEZ:

Párese frente al estrado. El Tribunal va a ordenar que la oficina de Oficiales Probatorios haga una investigación sobre toda la conducta y voy a reservar el fallo para el día ... una vez tenga ese informe. Algún reparo del abogado que sea así?

LCDO. DE LA CRUZ SIERRA:

No. Señor Juez.

HON. JUEZ:

El fallo se va a dictar el día 18 de mayo. Usted tiene que estar aquí el 18 de mayo. El policía y los testigos, que pasen al frente Osvaldo González y el otro testigo. Alguacil todos los que declararon. Miguel Figueroa y Osvaldo González. *Yo entiendo que alguien está mintiendo. Eso no pudo haber ocurrido como dice el policía o como dicen los testigos y este Tribunal no va a permitir que nadie absolutamente nadie le mienta. Yo voy a estudiar más detenidamente el informe. Ya yo haré mi determinación después que tenga el resultado de la investigación.*

HON. FISCAL:

Para que se aclare aquí hay un oficial de la policía, el sargento Anguita, que se cite.

HON. JUEZ:

Está el sargento aquí?

HON. FISCAL:

No está en Sala, Vuestro Honor.

HON. JUEZ:

Pues, que se cite al Sargento Anguita para que comparezca aquí el día 18 de mayo. Ese sargento estuvo allí?

HON. FISCAL:

No, Señor Juez, pero es la persona que se ha mencionado aquí que iba en la otra patrulla.

HON. JUEZ:

Que se cite para que comparezca aquí para el 18 de mayo. Alguien ha mentido aquí porque si este acusado estaba y ustedes dos lo sacaron del negocio y lo pusieron sobre el carro y entonces es que llega este policía y se le para el carro detrás ahora si este policía venía persiguiendo a este carro y otro policía le pasó por el frente y este carro se detuvo allí ustedes dos están mintiendo. Eso es un desacato por perjurio.

LCDO. DE LA CRUZ SIERRA:

Lo triste es que alguien seguirá mintiendo.

HON. JUEZ:

Ah, bueno, eso lo voy a resolver yo.

LCDO. DE LA CRUZ SIERRA:

Esperamos.

HON. JUEZ:

Pase el acusado y todos los testigos a la oficina de Oficiales Probatorios para que se inicie la *investigación que yo he ordenado*. Deberán estar aquí todos. Hágase constar los nombres de los testigos del Fiscal y del acusado para que estén aquí el 18 de mayo a las ocho y treinta de la mañana." (Énfasis suplido.)

Un mes después de celebrado el juicio, se dictó sentencia condenando al apelante a pagar cien dólares de multa.

▮▮▮ Es improcedente en derecho la actuación del juez en el presente caso. Si tenía dudas sobre cuál era la versión verdadera de lo acontecido debió haber absuelto al acusado. No procede condenar a un acusado a base de una investigación llevada a cabo a sus espaldas, sin la oportunidad de contrainterrogar a las personas con quien se entrevistó el Oficial Probatorio. Constituye una vulneración flagrante del debido proceso de ley. Como expresó el Tribunal Supremo de los Estados Unidos en *Turner* v. *Louisiana*, 379 U.S. 466–472–473 (1965): "En su alcance constitucional, el juicio por jurado en un caso criminal necesariamente implica, como mínimo, que la 'evidencia desarrollada' contra un acusado

574

provenga de la silla de los testigos en un tribunal público donde haya una completa protección judicial del derecho del acusado al careo, contrainterrogatorio, y asistencia de abogado." Ver además, *Pointer* v. *Texas*, 380 U.S. 400 (1965); *Irvin* v. *Dowd*, 366 U.S. 717 (1961).

*Se revocará la sentencia apelada y se absolverá al acusado.*

El Juez Asociado, Señor Rigau, no intervino.