EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* VÍCTOR M. ORTIZ PADILLA y RAFAEL RAMÍREZ HERNÁNDEZ, acusados y apelantes.

*Número:* CR-74-42      *Resuelto:* 30 de octubre de 1974

*Federico Torres Jiménez,* abogado de los apelantes; *Myriam Naveira de Rodón, Procuradora General, Héctor R. Orlandi Gómez, y Ronaldo Rodríguez Ossorio, Procuradores Generales Auxiliares,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

En la vista celebrada para disponer de una moción sobre supresión de evidencia, el juez que la presidió, luego de oír la prueba presentada por los acusados en apoyo de su moción y la declaración de los agentes que intervinieron con ellos, expresó en parte que: "[l]a preocupación mayor que surge del análisis y evaluación de la prueba practicada es que necesariamente alguno de los testigos ha mentido. Sus versiones son distintas e irreconciliables. . . . La prueba siembra grandes dudas de que los hechos ocurrieron como lo declaran los policías . . . . El Tribunal podía muy bien declarar incursos en desacato por perjurio en corte abierta a estos agentes del orden público, pero a la luz de las interrogativas que nos hacemos en párrafos anteriores de nuestra resolución, debo concederles también la oportunidad para que puedan tener un día en corte."

Difiere entonces la resolución sobre la moción de supresión de evidencia y "ordena a la Oficina de Oficiales Probatorios que realice una investigación si las partes (Ministerio Público y abogados del acusado Dos Santos) no tienen reparo

a ella sobre el historial social, conducta, comportamiento, historial de trabajo, etc. de (1) Acusado Dos Santos (2) Ramón Cruz Pagán [testigo de los acusados] (3) Víctor M. Ortiz [agente del orden público] y (4) Rafael Ramírez Hernández [agente del orden público]. El 8 de junio de 1973, el Tribunal resolverá si los agentes en cuestión incurrieron en desacato por perjurio en corte abierta."

La Ley Núm. 41 de 9 de marzo de 1911—33 L.P.R.A. sec. 430—dispone en su parte pertinente que "[s]i el Juez que preside en dicho caso quedare convencido, en cualquier caso pendiente ante su Corte, de que un testigo, después de haber prestado juramento o afirmación, según se dispone por la ley, de decir la verdad en cualquier asunto pendiente ante la Corte, es culpable de perjurio según se define en la presente, será entonces deber de dicho juez, ante quien se celebrare el juicio, ordenar, y por la presente se le faculta para que ordene, a moción propia, el arresto y detención del ofensor; y dictará una orden que se notificará a dicho ofensor para que comparezca y explique las razones que tuviere por las cuales no deba ser castigado por desacato a la Corte. El acusado, dentro del plazo que la Corte fijare, presentará su defensa contra dicha citación, la Corte oirá las declaraciones de la acusación y de la defensa, y después de practicadas las pruebas, pronunciará sentencia en el caso. Si de las declaraciones prestadas, que se tomarán por escrito, la Corte queda convencida de que la persona citada como se ha dicho ha sido culpable de perjurio, será entonces el deber de la Corte castigar a dicha persona como por desacato a ella. . . ."

En el caso de autos el juez no cumplió con la disposición antes transcrita. Aparece, sin embargo, que dictó la siguiente Resolución:

"Resultando de la prueba según se expone la misma en nuestra Resolución de 27 de abril de 1973, que hacemos formar parte de esta resolución y sentencia que estamos dictando en el día de hoy, que los agentes del orden público Víctor M. Ortiz y Rafael

Ramírez Hernández incurrieron en Desacato por Perjurio al de-clarar bajo juramento en la vista de la moción sobre supresión de evidencia celebrada el día 20 de marzo de 1973 y presentar los hechos de una manera que este Magistrado entiende fuera de toda duda que es falsa, incurriendo así en perjurio y en una conspiración criminal para socavar los principios de la justicia criminal, se ordena la supresión de la evidencia y, además, se de-clara a usted[es] Víctor M. Ortiz [Rafael Ramírez Hernán-dez] incurso[s] en Desacato por Perjurio en corte abierta (33 L.P.R.A. sec. 430) y se le[s] impone, considerando el resultado de la investigación practicada por la Oficina de Oficiales Proba-torios de esta Sala, su historial, conducta y comportamiento, una multa de cien dólares ($100.00), y cinco (5) horas de cárcel [a cada uno] que deberá[n] cumplir en una institución penal."

■ El juez de instancia y el Procurador General al sos-tener su actuación, confundieron el procedimiento estable-cido en el estatuto arriba transcrito con el procedimiento a seguir en casos de desacato directo consistente en conducta impropia o desordenada en presencia del tribunal, procedi-miento este último que analizamos y discutimos en *Coll Moya* v. *Alcaide Cárcel Municipal*, 89 D.P.R. 225, 233-235 (1963). En los desacatos directos por conducta impropia o desorde-nada, el juez actúa inmediatamente para vindicar la digni-dad del Tribunal. La ley sólo requiere, según expusimos en *Coll Moya* que se dicte una orden en la cual se consigne "el acto o actos constitutivos [del] desacato así como la fecha y lugar de su comisión y circunstancias de la misma con espe-cificación de la sentencia del tribunal. . . .", siendo el propó-sito de este requisito permitir al tribunal de apelación deter-minar mediante una inspección del récord, si el desacato ha sido realmente cometido y si la corte tenía jurisdicción para castigarlo.

■ El procedimiento en los casos de desacato por perjurio es distinto. En estos casos hay que informarle al testigo que alegadamente ha cometido perjurio, del cargo que se le im-puta y celebrar una vista dándole la oportunidad de demos-

trar que lo por él declarado en el juicio es cierto, incluyendo el derecho a confrontarse con los testigos en su contra. Es evidente que a los aquí apelantes no se les dio esa oportunidad, debido a que el juez, como antes apuntamos, confundió el procedimiento.

Hace cincuenta años este Tribunal tuvo ante su consideración un caso cuyos hechos eran muy similares a los del de autos. Al resolverlo se expresó el Juez Presidente Del Toro con su acostumbrada precisión en *Pueblo* v. *Aquino*, 33 D.P.R. 255 (1924):

"La idea [de esta ley] es corregir rápidamente el perjurio. Mover la conciencia individual y social. Castigar sin vacilaciones al que faltando a la santidad del juramento prestado y al respeto debido a las cortes de justicia y a su propia dignidad de hombre, declara falsamente. ¿Podrá existir un desacato mayor, una burla más patente, que engañar a un juez de tal modo? Para castigar al culpable debe existir un procedimiento rápido, eficaz, al alcance de la corte. Pero dicho procedimiento debe ofrecer a la vez todas las garantías que nuestras instituciones reconocen al ciudadano.

Estudiando en su totalidad la ley de que se trata, se observa que hay dos momentos en que se mueve y actúa la conciencia del juez. Es el primero cuando al prestar su declaración en el juicio, queda el juez convencido de que el testigo es un perjuro. Entonces es el deber del juez, a moción propia, ordenar el arresto del testigo, fijando día para la comparecencia. Y es el segundo cuando el juez habiendo ya actuado, se dispone a investigar el caso en sí mismo, oyendo no sólo las declaraciones de la defensa, sino las de la acusación. Para que la ley sea constitucional, el acusado debe ser informado claramente del cargo, debe la acusación aportar la prueba de la existencia del delito y debe darse una oportunidad de defenderse al acusado, incluyendo su claro derecho a confrontarse con los testigos en su contra. Todo sumariamente, pero todo derecho garantido por igual."

Al mismo efecto véanse: *Pueblo* v. *Marrero Méndez*, 95 D.P.R. 605 (1967); *Pueblo* v. *Marchany*, 61 D.P.R. 699 (1943).

Eso es precisamente lo que no se le concedió a los aquí apelantes. El juez hizo su determinación a base de darle

crédito a una de las dos versiones de cómo ocurrieron unos hechos que tuvo ante su consideración al conocer de la moción sobre supresión de evidencia y luego de una investigación llevada a cabo por la Oficina de Oficiales Probatorios, a espaldas de los apelantes, vulnerando su derecho a contrainterrogar a los testigos, procedimiento que reprobamos en *Pueblo* v. *Rodríguez González*, 102 D.P.R. 571 (1974), y sin la oportunidad de demostrar que lo declarado por ellos era cierto.

*Procede por lo antes expuesto revocar las sentencias apeladas.*

El Juez Asociado, Señor Rigau, no intervino.